(January 28, 1993)

In the Matter of JASON G., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition of the Family Court, New York County (Judith Sheindlin, J.), entered November 7, 1991, which adjudged that respondent committed acts which, if committed by an adult, would constitute the crime of attempted grand larceny in the fourth degree, and placed respondent in a New York State Division for Youth Title III facility for eighteen months, unanimously affirmed, without costs.

The petition subject to appeal (Docket Number D 11073/91) charging a class E felony as the highest charge, was filed on October 2, 1991, together with a second petition charging a class C felony as the highest charge. Respondent was remanded to a secure facility. At a probable cause hearing conducted on October 4, the presentment agency informed the court that it was ready to proceed only as to the second petition. With respect to the crimes charged in that petition, probable cause was found to believe that respondent forcibly stole money and that he would continue to commit felonious acts. Therefore, his remand in secure detention was continued.

With respect to the petition subject to this appeal, the presentment agency agreed to the immediate parole of respondent. Subsequently, three additional petitions were filed charging similar crimes (all involving robbery of different teenage victims) and, shortly thereafter, respondent entered admis-

sions, *inter alia,* to acts charged in the subject petition (Docket Number D 11073/91) and was sentenced at a dispositional hearing conducted on November 7, 1991.

Respondent's contention that he was entitled to a probable cause hearing with respect to the subject petition is without merit. As we view the purpose of a probable cause hearing, it is to determine whether grounds exist to warrant continued detention (Family Ct Act § 325.3 [3]), including the requisite determination that it is reasonable to believe a crime was committed by the respondent (Family Ct Act § 325.3 [1], [2]). Moreover, failure to hold a probable cause hearing within the time specified in Family Court Act § 325.1 subjects the matter to dismissal without prejudice (Family Ct Act § 325.3 [4]) or, as in the instant proceeding, to adjournment upon such grounds as the court may deem appropriate, including release on parole with respect to the particular offense charged in the petition (Family Ct Act § 325.3 [4]; § 320.5 [2]). Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ.